

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:                    Opinion No. 0-5737

Re: Effect of rider to S. B.
332, 48th Legislature, on
power of Governor to ap-
prove deficiency for Texas
Liquor Control Board.

Your letter of December 2d submits the question
whether the rider appended to the appropriation for the
Liquor Control Board in Senate Bill 332, 48th Legislature
affects the power of the Governor, under Article 4351, Re-
vised Civil Statutes, to approve deficiency expenditures
by the Board during the current biennium.

The rider to which you refer is as follows:

"The above itemized appropriations are
the sole and only appropriations made to the
Texas Liquor Control Board and such are to
be paid first out of the Confiscated Liquor
Fund before any other funds whatsoever are
used to pay such appropriations. If this be
not sufficient to pay the total appropriations
itemized above, then and only in that event and
only to the extent that the Confiscated Liquor
Fund is not sufficient, the remainder of the
above itemized appropriations shall be paid
out of the funds collected from the sale of
distilled spirits, wine and beer stamps in
the proportions that the total revenues received
therefrom bear to one another. Under no circumstances
shall any money be appropriated from any fund for the
administration of this act except as itemized above."

Article 4351 is a general law. It is designed to provide a means whereby agencies of the State Government whose appropriations may become exhausted prior to a meeting of the Legislature may bind the State for the payment of the reasonable expenses necessary to be incurred by the agency in order that the functions develved by law upon it may be discharged during the period following exhaustion of its appropriations and until the next meeting of the Legislature. Establishing as it does such a wholesome public policy, a purpose to suspend, repeal or amend Article 4351 is not to be presumed, nor should language which may reasonably be harmonized with such policy be construed to embody an intent to suspend it in whole or in part.

If it was the intention of the Legislatureto deny to the Governor the power during the current biennium to approve deficiency expenditures by the Liquor Control Board, under the provisions of Article 4351, apt language was not used to express that intent. Deficiency allowances under Article 4351 are not appropriations, hence the first sentence of the rider does not affect the power granted under that Article. The language of the second sentence of the rider prohibits the appropriation of money "from any fund for the administration of this Act . . ." The words "this Act" refer to the Act in which such words appear, to-wit, Senate Bill 332, for there is no previous reference in the rider to any other enactement. The rider, then, does not prohibit appropriations necessary to administer the provisions of Article 4351 in accordance with its terms.

We construe the last sentence of the rider as prohibiting the use of any fund to pay the appropriations made by Senate Bill 332 to the Texas Liquor Control Board except as specified in the first two sentences of the rider. We therefore advise that the rider does not in any wise affect the power conferred upon the Governor by Article 4351.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE BY BWB
CHAIRMAN

By

R. W. Fairchild
Assistant

RWF:MR
APPROVED DEC, 1943
GROVER SELLERS
FIRST ASSISTANT ATTORNEY GENERAL